**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMIR ABDUL-ALIM, et al.,<br><br>      Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>      Defendant(s). | Case No. 2:23-cv-01677-MMD-NJK<br><br>**Order**<br><br>[Docket Nos. 58, 63, 64] |

Pending before the Court is a motion to stay the case. Docket No. 63. Plaintiffs filed a response. Docket No. 66. Also pending before the Court is a motion to stay discovery, which has been fully briefed. Docket No. 58; *see also* Docket Nos. 60, 62. Also pending before the Court is Plaintiffs' filing fashioned as a discovery plan. Docket No. 64.

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, courts to examine (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward with the case; and (3) the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law, which could be expected to result from a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

A stay of 90 days is appropriate in the circumstances of this case. The possible damage from the stay is minimized by its short length and the procedural posture of the case. Moreover, there is good reason for the stay as Plaintiffs are currently endeavoring to find counsel given the

claims brought on behalf of their children, *see* Docket No. 59 at 4-5,[1] and staying the case avoids potential prejudice to the interests of those children in the interim period, *see Castillo-Ramirez v. Cnty. of Sonoma*, 2010 WL 2802563, at *2 (N.D. Cal. July 15, 2010) (staying case so that counsel could be retained for minor party); *see also Gibson v. Hagerty Ins. Agency*, 2018 WL 1382335, at *4 (E.D. Cal. May 19, 2018).  Moreover, staying the case while Plaintiffs look for an attorney may simplify the issues moving forward.[2]

Accordingly, the motion to stay proceedings (Docket No. 63) is **GRANTED**.  This case is hereby **STAYED** until August 13, 2024.  In light of this ruling, the motion to stay discovery (Docket No. 58) is **DENIED** as moot and Plaintiffs' discovery plan (Docket No. 64) is also **DENIED** as moot.

IT IS SO ORDERED.

Dated: May 15, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The deadline to retain counsel is set for June 24, 2024.  Docket No. 61.

[2] Plaintiffs raise a variety of issues in their response.  Docket No. 66.  The Court decides herein only that a stay is warranted and otherwise expresses no opinion on those issues.  *Cf.* Local Rule IC 2-2(b).