1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8  AMIR ABDUL-ALIM, et al.,

    Plaintiff(s),
9

Case No. 2:23-cv-01677-MMD-NJK

v.
10

**Report and Recommendation**

11  CLARK COUNTY SCHOOL DISTRICT, et
    al.,

12      Defendant(s).

13      Pending before the Court is an order to show cause why the claims of minor children

14  A.A.A. and I.A.A. should not be dismissed.  Docket No. 77.  Plaintiffs filed a response.  Docket

15  No. 78.  For the reasons discussed below, the undersigned **RECOMMENDS** that the claims of

16  minor children A.A.A. and I.A.A. be dismissed without prejudice and that the complaint be

17  otherwise dismissed with leave for the adult Plaintiffs (Amir Abdul-Alim and Hafsa Elarfaoui) to

18  amend to the extent they have viable claims to bring in their own right.

19  **I.      BACKGROUND**

20      Plaintiffs filed suit in state court, identifying themselves as minors A.A.A. and I.A.A., as

21  well as Amir Abdul-Alim and Hafsa Elarfaoui both on their own behalf and on behalf of their

22  minor children.  *See, e.g.*, Docket No. 1-1 at 2.  In very general terms, the allegations arise out of

23  the elementary school education for A.A.A. and I.A.A.  *See* Docket No. 1-1.  The case was

24  removed to federal court on federal question jurisdiction.  *See* Docket No. 1.

25      On March 25, 2024, the Court ordered Amir Abdul-Alim and Hafsa Elarfaoui to retain

26  counsel because they bring claims on behalf of minor children without an attorney.  Docket No.

27  48 at 1.  Following extensions, the deadline to retain counsel expired as of July 24, 2024.  *See*

28  Docket No. 72 at 2.  Licensed counsel has not appeared on behalf of Plaintiffs.  The matter before

1

the Court is the order to show cause why the claims of minor children A.A.A. and I.A.A. should not be dismissed.  Docket No. 77.

## II.    STANDARDS

The Ninth Circuit has held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  In that case, a parent brought constitutional claims under § 1983 on behalf of his minor son.  *Id.* at 876.  The district court granted guardian ad litem status to the parent on the condition that he secure counsel.  *Id.*  After the parent failed to secure counsel, the district court dismissed the case with prejudice.  *Id.*  The Ninth Circuit affirmed the dismissal but instructed the district court to vacate the dismissal with prejudice and enter an order dismissing the case without prejudice.  *Id.* at 878.  The Ninth Circuit noted that a non-lawyer "has no authority to appear as an attorney for others than himself."  *Id.* at 877 (citing *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987)).  The Ninth Circuit thus reasoned that the "issue of whether a parent can bring a *pro se* lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court."  *Johns,* 114 F.3d at 877 (citations and internal quotations omitted).  The Ninth Circuit stated that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because the "choice to appear *pro se* is not a true choice for minors who under state law . . . cannot determine their own legal actions."  *Id.* at 876 (citing *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986)).  "Where they have claims that require adjudication, [minors] are entitled to trained legal assistance so their rights may be fully protected."  *Johns,* 114 F.3d at 877.

*Johns* remains controlling Ninth Circuit law on this issue.  *See Grizzell v. San Elijo Elementary Sch.*, ___ F.4th ___, 2024 WL 3682780, at *2-3 (9th Cir. Aug. 7, 2024); *see also Buran v. Riggs*, 5 F. Supp. 3d 1212, 1215-16 (D. Nev. 2014) (Du, J.).

### III.    ANALYSIS[1]

A.    Dismissal of Claims of Minor Children

As explained above, governing Ninth Circuit authority mandates that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, 114 F.3d at 877.  Plaintiffs attempt to ward off dismissal of the minor children's claims with various statutory, constitutional, and policy arguments questioning that the Ninth Circuit's "counsel mandate."  For example, Plaintiffs contend that the counsel mandate deprives the minors of their right to access the courts and is inconsistent with the rules governing guardians ad litem.  *See, e.g.*, Docket No. 78 at 4-5.  Regardless of the merits of those arguments, the undersigned magistrate judge is simply not empowered to reverse Ninth Circuit precedent.  Indeed, very recent Ninth Circuit case law squarely forecloses these types of challenges to the counsel mandate.  *See Grizzell*, 2024 WL 3682780.  That case was brought on behalf of homeless children, the mother of whom alleged a host of troubling contentions with their attempt to receive a free, appropriate public education.  *See id.* at *1 (noting 40 claims including those brought under the Equal Protection and Due Process Clauses of the Fourteenth Amendment, Title IV and Title VI of the Civil Rights Act of 1964, and several other federal and state education laws).  The case was not brought by a licensed attorney, however, and the mother raised a "series of statutory, constitutional, and policy arguments" challenging the Ninth Circuit's "counsel mandate."  *Id.* at *2.  While the Ninth Circuit panel appeared sympathetic to some of those arguments, it also recognized that it was bound by existing Ninth Circuit law (*Johns*) that parents are not permitted to bring claims on behalf of minor children without a licensed attorney.  *Id.* at *3.  As such, the Ninth Circuit rejected those arguments and affirmed the dismissal of the children's claims.  *See id.*  Obviously, this Court is likewise bound by published Ninth Circuit authority, *e.g.*, *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir.

---

[1] Before turning to the pertinent analysis, the Court recognizes that Plaintiffs repeatedly question the undersigned's impartiality.  *See, e.g.*, Docket No. 78 at 2, 8, 11 n.8, 12, 13, 14, 17.  To the extent Plaintiffs are seeking recusal pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, such relief is not warranted.  The undersigned harbors no actual bias toward Plaintiffs.  Moreover, the undersigned's orders issued in this case do not create grounds to warrant recusal.  *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (quoting *Toth v. TransWorld Airlines*, 862 F.2d 1381, 1388 (9th Cir. 1988)).

1987),[2] and it likewise cannot entertain Plaintiffs' arguments that contradict that authority.[3]  As such, Plaintiffs' arguments regarding the propriety or fairness of the counsel mandate do not persuade the undersigned that dismissal should be avoided as to the claims brought without counsel on behalf of the minor children.

Although not cited in response to the order to show cause, the undersigned is also mindful that the papers elsewhere suggest that the counsel mandate does not apply to certain educational statutes pursuant to Supreme Court precedent.  *See, e.g.*, Docket No. 59 at 4 (discussing *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)); *see also* Docket No. 50 at 9 (motion to dismiss).  In *Winkelman*, the Supreme Court recognized that "IDEA grants parents independent, enforceable rights."  *Id.* at 533.  As a result, the Supreme Court held that "[p]arents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims *on their own behalf*."  550 U.S. at 535 (emphasis added).  By contrast, the Supreme Court made clear that it was not deciding that parents are permitted to bring claims on behalf of their children without licensed counsel.  *Id.* at 535 ("In light of our holding we need not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*").  Moreover and significantly, the Ninth Circuit recently rejected the contention that its case law carves out specific claims as excepted from the counsel mandate.  *See, e.g.*, *Grizzell*, 2024 WL 3682780, at *2-3 (recognizing out-of-circuit authority creating an exception to the counsel mandate in the social security context,

---

[2] Plaintiffs at times rely on out-of-circuit authority, including some decisions that take a flexible approach to requiring attorney representation for minor children.  *See, e.g.*, Docket No. 78 at 10 n.6 (citing *Thomas ex rel N.T. v Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)).  The Ninth Circuit, however, has not endorsed such an approach.  *See, e.g.*, *Grizzell*, 2024 WL 3682780, at *2-3 (recognizing such out-of-circuit authority but concluding that it was inconsistent with binding Ninth Circuit authority).

[3] Plaintiffs focus extensively on their contention that the Ninth Circuit's counsel mandate runs afoul of the guardian ad litem provisions in Rule 17(c) of the Federal Rules of Civil Procedure.  *See, e.g.*, Docket No. 78 at 14-16.  To be clear, *Johns* itself applied the counsel mandate in the specific context of a minor's father who was appointed guardian ad litem under Rule 17(c).  *See Johns*, 114 F.3d at 876; *see also Buran*, 5 F. Supp. 3d at 1215-16 (quoting *Meeker*, 782 F.2d at 154).  The undersigned magistrate judge is simply not empowered to reverse Ninth Circuit precedent.

1  but finding that such cases are inconsistent with binding Ninth Circuit precedent).[4]  Hence, the

2  undersigned has not been persuaded that the particular claims brought in this case are exempt from

3  the counsel mandate.

4       The undersigned is sympathetic to Plaintiffs' situation and has no doubt that the parent

5  Plaintiffs are indeed attempting to act in the best interest of the minor children. *See* Docket No.

6  78 at 3. Binding Ninth Circuit precedent, however, mandates that they may not bring these claims

7  on behalf of the minor children without an attorney. Instead, the rights of the minor children must

8  be fully protected by trained legal assistance in the form of a licensed attorney. Hence, the claims

9  of minor children A.A.A. and I.A.A. should be dismissed without prejudice.

10      B.    Rule 8(a) of the Federal Rules of Civil Procedure

11      In light of the above, the claims of the minor children A.A.A. and I.A.A. should be

12  dismissed without prejudice. As also recognized above, however, there is a potential that the adult

13  Plaintiffs (Amir Abdul-Alim and Hafsa Elarfaoui) might have their own claims that they could

14  plead on their own behalf. *Winkelman*, 550 U.S. at 535. Moreover, the complaint as drafted

15  indicates that at least some of the claims are in fact being brought by the adult Plaintiffs. *See, e.g.*,

16  Docket No. 1-1 at 2. Deciphering which claims are brought by which plaintiffs, however, is not a

17  simple endeavor. Litigants are required to provide a short, plain statement of their claims, *see* Fed.

18  R. Civ. P. 8(a), including specifying clearly which claims apply to which parties, *cf. McHenry v.*

19  *Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed

20

21      [4] Defendant State of Nevada, Department of Education elsewhere suggests that the Ninth
Circuit created an exception to the counsel mandate for claims brought under the Rehabilitation
Act and the ADA. *See* Docket No. 50 at 9 (citing *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934

22  (9th Cir. 2007)). That case involved a parent plaintiff who "sought damages on her own behalf
rather than her son's," *see, e.g.*, *id.* at 936, and the pertinent section addressed whether a parent

23  has standing as a general matter to bring that type of claim, *see id.* at 938. The Ninth Circuit did
not hold that a parent may bring a claim on behalf of a child without an attorney. *See, e.g.*, *Oskowis*

24  *v. Sedona Oak-Creek Unified Sch. Dist. #9*, 2018 WL 3069461, at *4 (D. Ariz. June 21, 2018)
(explaining that *Blanchard* enables a parent to bring suit on her own behalf, but that the counsel

25  mandate continues to apply to efforts to bring claims without an attorney on behalf of her child).
Moreover, any contrary reading of *Blanchard* is belied by the more recent Ninth Circuit decision

26  recognizing a lack of exceptions to the counsel mandate under controlling Ninth Circuit law. *See*
*Grizzell*, 2024 WL 3682780, at *2-3. At bottom, the Court has its own duty to correctly articulate

27  and apply the law, *e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000), and
the undersigned has not identified controlling legal authority creating exceptions to the counsel

28  mandate for particular claims.

liberally, they must still comply with this requirement.  *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).  When litigants have not complied with that dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*.  *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).  Given the circumstances of this case, the complaint should be dismissed with leave for Plaintiffs (Amir Abdul-Alim and Hafsa Elarfaoui) to file an amended complaint bringing their own claims on their own behalf, to the extent they believe they can properly allege such claims.

**IV.    CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that the claims of minor children A.A.A. and I.A.A. be dismissed without prejudice and that the complaint be otherwise dismissed with leave for the adult Plaintiffs (Amir Abdul-Alim and Hafsa Elarfaoui) to amend to the extent they have viable claims to bring in their own right.

Dated: August 14, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).