UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIR ABDUL-ALIM, *et al.*, | Case No. 2:23-cv-01677-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

*Pro se* plaintiffs Amir Abdul-Alim, Hafsa Elarfaoui, and Minors AAA and IAA brought this action challenging the lack of proper educational accommodations for the minor plaintiffs. In light of the Court's finding that the minor plaintiffs were not represented by a licensed attorney, the Court stayed this action pending legal representation of the minor plaintiffs and then, after representation was not obtained, ordered Plaintiffs to show cause as to why the minor plaintiffs' claims should not be dismissed. (ECF Nos. 48, 51, 77.) Now before the Court is United States Magistrate Judge Nancy J. Koppe's Report and Recommendation ("R&R") (ECF No. 79) that the Court dismiss the minor plaintiffs' claims without prejudice and otherwise dismiss the complaint with leave to amend so that the adult plaintiffs ("Parents") may restate their claims to the extent they have viable claims in their own right. The Parents timely filed an objection (ECF No. 81 ("Objection")) to the R&R. The Court overrules the Objection and adopts the R&R in full.

I.      **REPORT AND RECOMMENDATION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the R&R to which objection is made." *Id*. The Court will review the entirety of the R&R de novo because the Parents have objected to the whole

R&R. (ECF No. 81 at 5.)

### A. Dismissal of Minor Plaintiffs' Claims

Judge Koppe first recommends dismissing the unrepresented minor plaintiffs' claims because, in the Ninth Circuit, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *accord AAA by Abdul-Alim v. Clark Cnty. Sch. Dist.*, No. 22-16935, 2024 WL 3292728, at *2 (9th Cir. July 3, 2024) (ruling, in a similar action brought by the parents in this district, that "the Parents could not represent AAA pro se"). While the Ninth Circuit has recently questioned the soundness of the rigid rule as a policy matter, courts in this circuit are still bound by it given the absence of "'clearly irreconcilable' intervening precedent of a higher authority." *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1180-81 (9th Cir. 2024) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it."). The allegations in the Objection regarding the adult plaintiffs' efforts to obtain counsel, the merits of the minor plaintiffs' underlying claims, the representation mandate's inconsistency with the Federal Rules of Civil Procedure and the Constitution, and Defendants' misconduct are all therefore immaterial to the operative legal question: whether the minor plaintiffs are represented by a licensed attorney. (ECF No. 81 at 6-18.) Although the Court is sympathetic to the fact that the Parents are trying to act in their children's best interest by bringing these claims on their behalf, the Court is obligated to follow the Ninth Circuit's mandate that the minor plaintiffs cannot bring claims in this court without legal representation. *See Grizzell*, 110 F.4th at 1180-81. As the minor plaintiffs are not currently represented, their claims must be dismissed. The Court will dismiss their claims without prejudice so that, in the event they obtain proper legal representation, they may replead those claims.

### B. Dismissal of Any Other Remaining Claims

The Court likewise agrees with Judge Koppe that Plaintiffs' complaint (ECF No. 1-

1 ("Complaint") should be dismissed with leave to amend. (ECF No. 79 at 5-6.) Although the Parents could not bring claims on behalf of their children, the Parents may be able to proceed *pro se* asserting claims in their own rights. *See AAA by Abdul-Alim*, 2024 WL 3292728, at *2; *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) (parents may bring certain Americans with Disabilities Act claims based on discrimination against their child); *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 531 (2007) (parents have independent rights under the Individuals with Disabilities Education Act).

The Complaint as it currently stands is unclear as to which specific claims are brought on the Parents' behalf, rather than solely on behalf of their children. (ECF No. 1-1.) Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. PROC. 8(a)) (ellipses omitted). Here, where the Court has dismissed certain plaintiffs for the time being, it is important that the Complaint is clear as to "exactly *who* is alleged to have done *what* to *whom*" to ensure that Defendants have fair notice of which claims remain against them. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008); *cf. Deng v. Seattle Mun. Ct.*, No. C21-1316 MJP, 2021 WL 4744633, at *1 (W.D. Wash. Oct. 12, 2021) (dismissing with leave to amend where the court could not understand which specific claims the plaintiff brought as to each defendant). Thus, the Complaint is dismissed with leave to amend so that the Parents may clarify exactly which claims are brought on their own behalf. *See* FED. R. CIV. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

**II.     CONCLUSION**

It is therefore ordered that Plaintiffs' Objection (ECF No. 81) to Judge Koppe's Report and Recommendation (ECF No. 79) is overruled.

It is further ordered that Judge Koppe's Report and Recommendation (ECF No.

79) is adopted in full.

It is further ordered that the claims of the minor plaintiffs, AAA and IAA, are dismissed without prejudice.

It is further ordered that the Complaint (ECF No. 1-1) is otherwise dismissed with leave for Abdul-Alim and Elarfaoui to amend to the extent they have viable claims in their own right. If Abdul-Alim and Elarfaoui wish to file an amended complaint, they must do so by October 5, 2024. If they do not file a second amended complaint alleging cognizable claims in their own right by October 5, 2024, the Court will dismiss this case with prejudice.

It is further ordered that Defendants' motions to dismiss (ECF Nos. 6, 50) are denied as moot, given the dismissal of the Complaint.

DATED THIS 4th Day of September 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE