UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIR ABDUL-ALIM, *et al.*, | Case No. 2:23-cv-01677-MMD-NJK |
| Plaintiffs, | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

I.  **SUMMARY**

*Pro se* plaintiffs Amir Abdul-Alim, Hafsa Elarfaoui, and Minors AAA and IAA brought this action challenging the lack of proper educational accommodations for the minor plaintiffs. (ECF No. 1-1.) The Court previously dismissed minor plaintiffs' claims without prejudice and granted leave for adult Plaintiffs to file an amended complaint asserting their own claims. (ECF No. 83 ("September Order").) Adult Plaintiffs Abdul-Alim and Elarfaoui appealed the September Order, contesting the Court's finding that minor plaintiffs may not pursue their claims without counsel, and the Court stayed the action pending disposition of Plaintiffs' appeal. (ECF Nos. 96, 99.) The Ninth Circuit subsequently dismissed the appeal for lack of jurisdiction (ECF Nos. 97, 104) and this Court lifted its stay, further extending Plaintiffs' amended pleading deadline to December 21, 2024 (ECF No. 107). Now before the Court are Plaintiffs' newest motions to stay (fourth request) and to extend timeline to file an amended complaint. (ECF Nos. 109, 110 ("Motion").[1]) The Court will deny Plaintiffs' request for a stay and will grant one final extension of the deadline to file an amended complaint. Plaintiffs are cautioned that if they

---

[1]The two filings are identical, and the Court will refer to them together.

fail to file an amended complaint by January 30, 2025, this action will be dismissed as outlined in the September Order.

II. **DISCUSSION**

Plaintiffs argue in their Motion that a stay of the Ninth Circuit's mandate is justified because they have now filed a petition for relief in the Supreme Court of the United States, following the Ninth Circuit's dismissal of their original appeal.[2] (ECF Nos. 109, 110.) While many of Plaintiffs' contentions overlap with arguments the Court has already reviewed and found unpersuasive in previous motions, the Court will address the arguments in more detail where relevant here.

On November 15, 2024, the Ninth Circuit issued its mandate dismissing Plaintiffs' appeal on the basis that no final district court order existed and thus that the appellate court lacked jurisdiction to consider an appeal. (ECF No. 97, 104.) *See* Fed. R. Civ. P. 54(b) (providing that when an action involves multiple parties, an order disposing of some parties is not a final appealable order unless the district court directs entry of judgment).[3]

Plaintiffs' petition to the Supreme Court does not require the Court to stay this action, and the Court finds that any further stay in proceedings is unmerited. An appeal

---

[2]Plaintiffs cite to (1) the Fourteenth Amendment Due Process Clause; (2) LR IA 6-1(a) (providing requirements for requests for continuances and extensions of time in this District); (3) LPR 1-20 (providing requirements for stays of federal court proceedings specifically in patent cases, not applicable in this non-patent action); (4) Supreme Court Rule 23(1) (providing that "[a] stay may be granted by a Justice as permitted by law"); and (5) Federal Rule of Appellate Procedure 8 (providing that a party seeking to stay a judgment or order of a district court pending appeal must ordinarily first move for relief in the district court. (ECF No. 110 at 7-12.) To the extent the cited appellate court rules pertain to higher courts' authority to stay lower court actions, the Court notes that such rules do not govern the procedure in this Court.

[3]*See also Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (order disposing of fewer than all claims against all parties not immediately appealable unless district court directs entry of judgment under Fed. R. Civ. P. 54(b)); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (dismissal of complaint with leave to amend is not appealable); *United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978) (order denying motion to disqualify judge is not final or appealable); *Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) (denial of reconsideration of non-appealable order is itself not appealable).

does not automatically suspend the operation of a district court order during the pendency of the appeal, including in circumstances where the appeal involves an interlocutory (i.e., non-final) or a collateral order.[4] *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); Fed. R. App. P. 8(a)(1) (providing that a party seeking to stay a judgment or order of a district court pending appeal must ordinarily first move for relief in the district court). In general, because a stay is not automatic, a party seeking a stay pending appeal "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). There is no final order in this action, and Plaintiffs are unlikely to succeed on the merits regarding the mandatory counsel mandate applicable to the minors' claims, for the reasons detailed in the September Order (ECF No. 83). Importantly, Plaintiffs are also unlikely to suffer harm in the absence of a stay because dismissal of the minors' claims is without prejudice. Moreover, requiring adult plaintiffs to file an amended complaint asserting their own individual claims to the extent those claims are separate from the minors' claims—after multiple significant extensions—is not inequitable under the circumstances, and there is no public interest supporting further delay. *See Gutierrez*, 558 F.3d at 896. Accordingly, the Court reiterates that it will not stay the action in its entirety pending appeal.

///

---

[4]Plaintiffs state that their "notice of appeal" (ECF No. 87) was in fact a "petition for permission to appeal." (ECF No. 110 at 7.) Regardless, as to the issue now before the Court, a permissive appeal generally does not stay proceedings in a district court unless that court determines particular reason to stay the action exists. *See* 28 U.S.C. § 1292(b) (governing discretionary interlocutory appeals and providing that a district court may continue proceedings when an interlocutory appeal is underway); *U.S. v. Crozier*, 674 F.2d 1293, 1296-97 (9th Cir. 1982), cert. granted, judgment vacated on other grounds, 468 U.S. 1206 (1984) (noting a stay not required during the pendency of an appeal under the collateral order doctrine applying to 28 U.S.C. § 1291).

To the extent that Plaintiffs request an extension of time to file their amended complaint in compliance with the September Order, the Court finds good cause to grant a final extension of until January 30, 2025, *nunc pro tunc*, given Plaintiffs' *pro se* status and representations about challenges exchanging documents with Defendants. (ECF No. 110 at 4-6.) *See* LR IA 6-1. Plaintiffs are cautioned, however, that the Court will not further extend the deadline. The Court has already extended the deadline—originally set in October 2024—for a significant period of time. (ECF No. 107.) Failure to file an amended complaint by January 30, 2025, will result in dismissal of the remaining claims per the September Order, because Plaintiffs have had ample opportunity to amend.

### III.   CONCLUSION

It is therefore ordered that Plaintiffs' motion to stay (ECF No. 109) is denied.

It is further ordered that Plaintiffs' motion to extend time (ECF No. 110) is granted *nunc pro tunc* to the extent Plaintiffs request an extension in the deadline to file their amended complaint. Plaintiffs must file an amended complaint as outlined in the Court's September 4, 2024, order by January 30, 2025. Failure to file an amended complaint by that new deadline will result in dismissal of this action.

DATED THIS 2nd Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE